(R.D. 11156)

ROBERTS, REILLY & SONS, INC. v. UNITED STATES

Entry No. 514001.

(Decided March 22, 1966)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties herein:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

(1) That the involved merchandise consists of 6-Amino Penicillanic Acid entered for consumption after the effective date of the Customs Simplification Act of 1956; that the said merchandise is not identified on the Final List published by the Secretary of the Treasury pursuant thereto (T.D. 54521) and is accordingly subject to reappraisement under section 402 of the Tariff Act of 1930 as amended by the said Customs Simplification Act.

(2) That the involved merchandise was appraised under the basis of the American selling price of a similar competitive article manufactured or produced in the United States, as such American selling price is defined in section 402(e) of the Tariff Act of 1930 as amended; that neither party challenges this basis of appraisement.

(3) That on or about the date of exportation, the price at which a similar competitive article manufactured or produced in the United

States was freely sold or offered for sale for domestic consumption in the principal market of the United States, in the ordinary course of trade and in the usual wholesale quantities, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the article in condition packed ready for delivery, was $150 per kilo less 1 percent, net, packed.

(4) That the above-entitled appeal may be submitted for decision upon this stipulation, the same being limited to the merchandise described hereinabove and abandoned in all other respects.

On the agreed facts, I find and hold American selling price, as that value is defined in section 402(e) of the Tariff Act of 1930, as amended, to be the proper basis for the determination of the value of the merchandise here in question and that such value was $150 per kilo, less 1 percent, net, packed.

Judgment will issue accordingly.